IN THE UNITED STATES DISTRICT COURT\
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>34,196 RENTABLE SQUARE FEET, MORE OR LESS, AT 3870 ROSIN COURT, SACRAMENTO, et al.,<br><br>   Defendants. | No. CIV S-11-3467 KJM GGH<br><br><br><br><br>ORDER |

This case was on calendar on September 14, 2012 for hearing of the motion for an order permitting defendant Clinton T. Reilly individually and as trustee under a family trust to file a late demand for a jury trial. The government has opposed the motion and defendants have filed a reply. The court ordered the matter submitted on the pleadings and now denies the motion.

I. BACKGROUND

On December 29, 2011, plaintiff filed this complaint in condemnation against 34,196 Rentable Square Feet, More or Less, at 3870 Rosin Court, Sacramento; the Clinton Reilly Group; Clinton Reilly Holdings, LLC; Clinton Reilly, as Trustee Under the Clinton Reilly

1

Family Trust; Clinton Reilly; and First Republic Bank.  ECF No. 1.  Clinton Reilly individually and as trustee filed Notices and Acknowledgments of Receipt of Condemnation on January 12, 2012.  ECF Nos. 9, 10.

On February 13, 2012, the court adopted the parties' stipulations dismissing Clinton Reilly as Trustee; the Clinton Reilly Group; and Clinton Reilly Holdings, LLC, and First Republic Bank as defendants.  ECF Nos. 20, 21.  It also granted plaintiff's ex parte application to add the Bank of America as a defendant.  ECF No. 22.  Bank of America filed a statement of non-opposition to the condemnation. ECF No. 24.  On April 4, 2012, the court granted the parties' stipulations to reinstate Clinton Reilly in his capacity as Trustee as a defendant and to disburse plaintiff's deposit of just compensation to Clinton Reilly in his capacity as trustee, on the understanding that if it is later determined that defendant is entitled to less than the amount disbursed, the defendant shall be liable for overpayment.  ECF Nos. 27, 29, 32, 33.

In the joint status report filed May 31, 2012, Clinton Reilly individually and as trustee ("defendants") requested a jury trial on all issues, including the issue of just compensation for the taking; the government objected that the request was untimely.  ECF No. 34 ¶ O.

A pretrial scheduling conference was held before the Honorable Gregory G. Hollows on June 7, 2012; in the scheduling order, filed June 20, 2012, Judge Hollows noted that the parties disputed whether a jury trial may be held and directed any party seeking a jury trial to file a motion for determination of the issue no later than July 31, 2012.  ECF No. 38 ¶ VI. Defendants filed the instant motion on July 31, 2012.

II. ANALYSIS

Under Rule 71.1(h)(1) of the Federal Rules of Civil Procedure, "[i]n an action involving eminent domain under federal law, the court tries all issues, including compensation, except when compensation must be determined. . . . by a jury when a party demands one within the time to answer or within any additional time the court sets. . . ."  Under Rule 71.1(e)(2), an

answer is due within twenty-one days after service of the notice. It is undisputed that defendants' response to the notice did not include a jury demand and that the first time defendants requested a jury trial was in the joint status report filed long after the time to answer. Even if time is calculated from the date on which defendants were reinstated following dismissal, the request made in the May 31, 2012 status report still was late.

Defendants argue that despite the untimely nature of their jury demand, this court may exercise its discretion to order a jury trial on their motion and may extend the time for filing a jury demand. FED. R. CIV. P. 39(b) ("the court may, on motion, order a jury trial on any issue for which a jury might have been demanded"); FED. R. CIV. P. 6(b)(1)(B) (the court may extend the time for doing an act "on motion after the time has expired if the party failed to act because of excusable neglect"); *see also* FED. R. CIV. P. 71.1(a) ("[t]hese rules govern proceedings to condemn real and personal property by eminent domain, except as this rule provides otherwise"). They submit the declaration of Bryan L. Hawkins, Esq., who avers that defendants did not include a jury demand with their notice of appearance because Hawkins "did not believe that such a request had to be made in that pleading." ECF No. 42 ¶ 4.

The government opposes, arguing that the Ninth Circuit has held that a district court's discretion under Rule 39(b) to grant an untimely request for a jury trial is narrow and that defendants have not demonstrated excusable neglect under Rule 6(b)(1)(b). The court agrees.

In *Pacific Fisheries Corp. v. HIH Casualty & General Insurance., LTD*, 239 F.3d 1000, 1002 (9th Cir. 2001), the court said that "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." It found that counsel's erroneous calculation of when the jury demand was due, which counsel characterized as a mistake of law, was "of no consequence because [it is] still due to inadvertence or oversight."

/////
/////
/////

*Id.* It continued:

> [T]he district court did not abuse its discretion in denying the demand because counsel inadvertently missed the deadline. A good faith mistake of law is no different than inadvertence or oversight. Therefore, an untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand.

*Id.* at 1003; *see also Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002) (pro per's good faith mistake as to deadline for jury demand is inadvertence and so is insufficient basis to grant relief from untimely demand). Courts interpreting *Pacific Fisheries* note its emphasis on a district court's limited discretion to grant an untimely jury request. *See, e.g.*, *Ruiz v. Rodriguez*, 206 F.R.D. 501, 504 (E.D. Cal. 2002); *Rodriguez v. Sears Holding Corp.*, No. 10-1268 SC, 2010 WL 3341656, at *2 (N.D. Cal. Aug. 24, 2010) (noting the "half-dozen Ninth Circuit cases with unambiguous language stating that a district court abuses its discretion when it permits a jury trial despite a plaintiff's inadvertent failure to make a timely demand"). In light of this authority, the court declines to apply defendants' proposed balancing test, drawn from other circuits' cases. And in applying this authority, the court finds that counsel's misunderstanding of the requirements for a timely demand, his inadvertence, "does not broaden [this] court's narrow discretion" to grant defendants' request for a jury trial.

The result is no different under Rule 6(b)(1)(B), as the Ninth Circuit has determined that counsel's "mistake in interpreting and applying" the rules does not constitute excusable neglect. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994); *Tarrer v. Pierce County*, No. C10-5670BHS, 2011 WL 5864686, at *2 (W.D. Wash. Nov. 22, 2011) (under Rule 6(b), "[w]here counsel's inadvertence or oversight is the only reason shown to excuse an untimely demand for a jury trial, there is no basis upon which the Court may grant relief").

IT IS THEREFORE ORDERED that:

1. Defendant's motion for a jury trial (ECF No. 40) is denied; and

2. Within twenty-one days of the date of this order, the parties shall file a joint statement proposing dates for the court trial on compensation.

DATED: October 31, 2012.

_____
UNITED STATES DISTRICT JUDGE