UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>34,196 RENTABLE SQUARE FEET, MORE OR LESS, AT 3870 ROSIN COURT; SACRAMENTO, CALIFORNIA, et al.,<br><br>Defendants. | No.  2:11-cv-03467-KJM-AC<br><br><br><br>ORDER |

    This matter is before the court on the motion by the United States of America for an order modifying the court's scheduling order.  (ECF 80.)  Specifically, the United States seeks an order allowing it to file an amended declaration of taking, effective *nunc pro tunc* to December 29, 2011.  (*Id.*)  Defendants oppose the motion.  (ECF 81.)  As explained below, the court DENIES the motion as moot.

I.  RELEVANT BACKGROUND

    The United States commenced this condemnation action on December 29, 2011, by filing a complaint in condemnation and a declaration of taking.  (ECF 80 at 3.)  The declaration of taking was signed by the General Services Administration's ("GSA") Regional Administrator for the Pacific Rim, Ruth Cox.  (*Id.* at 2.)  In 2013, the United States learned that Ms. Cox did not have the authority to sign the declaration of taking because on November 16,

1

2011, the delegated authority to sign declarations of taking had been transferred exclusively to the Commissioner of the Public Buildings Service ("PBS").  (*Id.* at 2-3.)  Accordingly, on June 13, 2013, the United States filed a notice of ratification of declaration of taking with the ratifying document attached.  (ECF 78.)  The ratification of declaration, signed on June 12, 2013 by the PBS Commissioner, provides in relevant part:  "I, Dorothy Robyn, Commissioner of the Public Buildings Service for the United States General Services Administration, do hereby ratify, confirm, and adopt in its entirety that certain [d]eclaration of [t]aking signed and filed . . . on December 29, 2011."  (*Id.*)

Subsequently, on June 20, 2013, "in the interests of justice and under its duty of candor to the [c]ourt," the United States filed the instant motion to modify the court's scheduling order to allow it to file an amended declaration of taking with Ms. Robyn's signature.  (ECF 80 at 2.)  On September 26, 2013, the court ordered the parties to provide simultaneous supplemental briefs on the principal question of what the effect of Ms. Robyn's ratification is on the original declaration of taking.  The parties filed their simultaneous supplemental briefs on November 5, 2013 (ECFs 99, 100), and their opposition papers on November 12, 2013 (ECFs 109, 110).

II.     ANALYSIS

Defendants argue the PBS Commissioner's ratification "should have no effect on this case" because "it appears to be an entirely invented procedure," and in the alternative, because "it is untimely."  (ECF 99 at 2.)  The United States responds, "the PBS Commissioner's ratification retroactively gives the original [d]eclaration effect as if the PBS Commissioner originally had signed it."  (ECF 100 at 3.)

The court finds the PBS Commissioner's express ratification of the original declaration of taking retroactively validates the original declaration of taking.  As a preliminary matter, the court notes that neither party has cited to any authority that holds a declaration of taking cannot be ratified under general principles of agency law.  The court cannot locate any such authority itself.  However, because courts have applied general agency principles in cases involving actions taken by federal agencies, this court finds the application of general principles of agency law in the instant case warranted.  *See Americopters, LLC v. United States*, 95 Fed. Cl.

2

224, 233 (2010) (in an eminent domain case, applying agency principles in determining whether the Federal Aviation Administration implicitly ratified its employee's unauthorized actions); *see also FEC v. NRA Political Victory Fund*, 513 U.S. 88, 98-99 (1994) (applying agency principles in determining whether the Solicitor General ratified the Federal Election Commission's ("FEC") unauthorized actions).

"Ratification occurs when one with authority learns of an unauthorized act by his agent or subordinate and subsequently acquiesces to or affirms that act by his conduct." *Americopters,* 95 Fed. Cl. at 233. "The ratifying official 'must have authority to ratify, knowledge of a subordinate's unauthorized act, and then must confirm, adopt, or acquiesce to the unauthorized action of his subordinate.'" *Id.* (quoting *Cal. Sand & Gravel, Inc. v. United States*, 22 Cl. Ct. 19, 27-28 (1990), *aff'd*, 937 F.2d 624 (Fed. Cir. 1991)).

The parties cite *FEC v. NRA Political Victory Fund*, *supra*, to support their respective positions. There, the FEC filed a petition for a writ of certiorari two days before the expiration of the mandatory 90-day filing period without first seeking the Solicitor General's authorization. 513 U.S. at 90-91. However, more than 120 days after the mandatory 90-day period, the Solicitor General ratified the FEC's petition in a letter. *Id.* at 90. In addressing the issue whether the Solicitor General's ratification related back to the date of the FEC's unauthorized filing, the United States Supreme Court applied "principles of agency law, and in particular the doctrine of ratification." *Id.* at 98. The Court reasoned, "it is essential that the party ratifying should be able not merely to do the act ratified at the time the act was done, but also at the time the ratification was made." *Id.* (internal quotations and emphasis omitted). Applying general principles of agency law, the Court held "the Solicitor General's 'after-the-fact' authorization [did] relate back to the date of the FEC's unauthorized filing so as to make it timely" because "he could not himself have filed a certiorari petition on the [day of the authorization] . . . ." *Id.* at 98. The Solicitor General could not have filed the petition himself because his authorization came 120 days after the mandatory 90-day period, and the court had no authority to extend the 90-day period for filing the petition for certiorari. *Id.* at 99.

/////

1 | Here, on June 12, 2013, upon learning of the GSA Regional Administrator's unauthorized signing of the original declaration of taking, the PBS Commissioner signed a document ratifying the unauthorized signing.  (ECF 80-1, Ex. F ¶ 7.)  The United States filed a notice of this ratification with the court on June 13, 2013.  (ECF 78.)  The PBS Commissioner was the appropriate official with the authority to ratify the unauthorized signing of the original declaration of taking (ECF 80-1, Ex. F ¶ 7), and the PBS Commissioner ratified the GSA Regional Administrator's unauthorized signing with the knowledge of the unauthorized signing (*Id.* ¶ 6).

The *FEC* case discussed above supports finding the ratification here valid.  Unlike the Solicitor General in *FEC*, who could not perform the act ratified at the time of the ratification because the 90-day period had expired, the PBS Commissioner here had the authority to sign the amended declaration of taking and to seek modification of the court's scheduling order.  Unlike *FEC*, where the Court had no authority to extend the 90-day period, this court is not barred from modifying its scheduling order, in the exercise of its discretion and if the moving party meets the "good cause" requirement of Federal Rule of Civil Procedure 16(b).  Here, though, the court need not consider modification of the scheduling order, because the court finds the PBS Commissioner's ratification of the original unauthorized signing valid with automatic retroactive effect.  Therefore, the court DENIES the United States' motion to modify the scheduling order (ECF 80) as moot.

IT IS SO ORDERED.

Dated:  December 25, 2013.

_____
UNITED STATES DISTRICT JUDGE